**FILED**

MAY 26 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 16 CR 227 |
| | ) | |
| v. | ) | Violation: Title 18, United States Code, |
| | ) | Sections 1341 and 1343 |
| HENRY MEYER | ) | |
| | ) | |

**JUDGE NORGLE**

**MAGISTRATE JUDGE FINNEGAN**

The SPECIAL JANUARY 2015 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant HENRY MEYER owned and operated HCM Asset Management, LLC, which was located in Coral Gables, Florida.

    b. Through HCM, defendant MEYER represented to investors that he provided investment opportunities for their funds.

    c. At times, defendant MEYER sent investor communications to Individual A, who resided in the Northern District of Illinois, in order for Individual A to forward the communications to MEYER's investors.

    d. Investor A, who resides in the Northern District of Illinois, and Investors B and C were investors in HCM and received investor communications directly from MEYER and through Individual A.

2. Beginning in or about February 2009, and continuing until in or about April 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY MEYER,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3. It was part of the scheme that defendant MEYER fraudulently obtained and retained at least $5 million from investors through false statements about, among other things, the intended use of the money raised, the rate of return of the money invested, and the safety of the investment opportunity.

4. It was further part of the scheme that defendant MEYER falsely represented to investors that their investment would be placed into a "European Derivative Investment Program," whose investment performance was purportedly related to the failure of the European economies of Portugal, Ireland, Italy, Greece and Spain. However, defendant MEYER intended to and did fraudulently misappropriate some of the investor funds for his own personal expenses, and invested the remainder of the funds in call options that tracked a U.S. large cap index and that were not part of any European Derivative Investment Program.

5. It was further part of the scheme that defendant MEYER falsely represented to investors, in order to retain their funds and obtain additional funds, that their investments were generating substantial, positive returns from the purported European Derivative Investment Program, when defendant knew that his trading of the investor funds had resulted in substantial losses and that he had misappropriated the rest of the investors' funds for his own personal expenses.

6. It was further part of the scheme that defendant MEYER prepared and sent numerous false communications to certain investors directly, or through Individual A, which stated that all of the investors' principal and profit was invested and would be returned by on or about March 31, 2016. However, defendant knew that he had either spent or lost a substantial portion of the investors' funds and could not return the investors' funds by March 31, 2016.

7. It was further part of the scheme that, in or about October 2015, defendant MEYER solicited and obtained funds from a new investor and used some of those funds to repay earlier investors a portion of their investment with defendant MEYER.

8. It was further part of the scheme that defendant MEYER, in or about March and April 2016, attempted to raise new funds from other investors in order to repay old investors, and also concocted a plan to leave the United States and travel to a foreign country where extradition would be difficult.

9. It was further part of the scheme that defendant MEYER did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

10. As a result of the scheme, defendant fraudulently misappropriated at least $5 million from at least 10 investors.

11. On or about November 16, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY MEYER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be delivered via UPS, a commercial interstate carrier, from Florida to Investor A in Illinois, an envelope containing documents describing defendant's fraudulent investment program;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about November 26, 2012, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY MEYER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $125,000 from Investor A's JP Morgan Chase Bank account, through the Federal Reserve System in New Jersey, to defendant's Bank of America account, which funds represented one of Investor A's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## **COUNT THREE**

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about February 26, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY MEYER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $330,000 from Investor A's JP Morgan Chase Bank account, through the Federal Reserve System in New Jersey, to defendant's Bank of America account, which funds represented one of Investor A's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## **COUNT FOUR**

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1.	The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2.	On or about December 19, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY MEYER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $360,000 from Investor A's JP Morgan Chase Bank account, through the Federal Reserve System in New Jersey, to defendant's Bank of America account, which funds represented one of Investor A's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about September 29, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY MEYER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $225,000 from Investor B's Walworth State Bank account, through the Federal Reserve System in New Jersey, to defendant's Bank of America account, which funds represented one of Investor B's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL JANUARY 2015 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about October 30, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

HENRY MEYER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $1,050,000 from Investor C's JP Morgan Chase Bank account, through the Federal Reserve System in Texas, to defendant's Bank of America account, which funds represented one of Investor C's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2015 GRAND JURY further alleges:

1. The allegations of Counts One through Six are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

2. As a result of the violations as alleged in Counts One through Six of the foregoing indictment,

HENRY MEYER,

defendant herein, shall forfeit to the United States any and all right, title, and interest he may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in Counts One through Six.

3. The interests of defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461(c), include but are not limited to approximately $5,000,000.

4. If any of the forfeitable property described above, as a result of any act or omission by defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the

provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____<br>FOREPERSON

_____
UNITED STATES ATTORNEY